## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**SHIRLEY JOHNSON**                                                    **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.: 4:25-cv-00205-RPC-JMV**

**HUMPHREYS COUNTY BOARD OF SUPERVISORS;**
**SHERIFF BRUCE WILLIAMS, IN HIS INDIVIDUAL**
**AND OFFICIAL CAPACITY;**
**CHIEF DEPUTY TRURON GRAYSON,**                                **DEFENDANTS**
**IN HIS INDIVIDUAL AND OFFICIAL CAPACTIY;**
**INTERIM SHERIFF MICKEY FOXWORTH,**
**IN HIS INDIVIDIAUL AND OFFICIAL CAPACITY; and**
**HUMPHREYS COUNTY SHERIFF'S DEPARTMENT;**

### ANSWER AND AFFIRMATIVE DEFENSES

      **NOW COME** Defendants, by Counsel, and respectfully submits the Answer and Affirmative

Defenses of FORMER SHERIFF BRUCE WILLIAMS and HUMPHREY'S COUNTY SHERIFF'S

DEPARTMENT to Plaintiff's First Amended Complaint:

## I.  AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

      Plaintiff's failure to show in a minimally coherent manner the acts of Defendants which he

contends was motivated by illegal discrimination on account of race, sex, or age requires dismissal.

Defendants invoke the same employer inference and moves for dismissal pursuant to *Fed. R. Civ.*

*Proc.* 12(b)(6) and 12(c).

### SECOND AFFIRMATIVE DEFENSE

      Plaintiff fails to plead a cognizable ocnstitutional claim against Former Sheriff Bruce

Williams. Plaintiff's complaint seeks to impute the individual conduct of other parties to Sheriff

Bruce Williams, in contravention to clear law controlling § 1983 claims.

**THIRD AFFIRMATIVE DEFENSE**

Insofar as any alleged cause of action for race, age, gender, or sex discrimination, or any portion thereof, was not contained in the charge of discrimination filed with the Equal Employment Opportunity Commission within the time prescribed by 42 U.S.C. §2000e-5(e), which statute is plead as a defense and as a statute of limitations, the Complaint should be dismissed.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to any relief against Defendants and no recovery may be had against Defendants for each and all of the reasons contained in this Answer and for the reason that Defendants have not violated any law in any manner whatsoever. Further, Defendants state that there can be no recovery of any damages or attorneys' fees for the reason that all actions of Defendants were in good faith and predicated upon the basis of reasonable and just grounds for the belief that their actions did not and do not constitute a violation of any law.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff failed to exhaust administrative remedies and/or failed to comply with the procedural prerequisites to bringing her discrimination claims before this Court, this Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's ADEA claim is plainly barred as the EEOC complaint which controls this action alleges only sex-based discrimination and retaliation.

**SEVENTH AFFIRMATIVE DEFENSE**

Any and all acts by Defendants giving rise to this action were done in good faith, based on legitimate, non-discriminatory business reasons, and upon reasonable belief that Defendants were not violating any federal or state law including, but not limited to, Title VII and 42 U.S.C. § 1983.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants affirmatively aver that Plaintiff's alleged damages under Title VII are limited by 42 U.S.C. §1981a.

## NINTH AFFIRMATIVE DEFENSE

Punitive damages cannot be assessed against the Defendants.

## TENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks special damages, such damages have not been specifically stated.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate her alleged damages, she is barred from recovery.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims may not be brought against Former Sheriff Bruce Williams, and her § 1983 claims may not be brought against the Humphreys County Sheriff's Department as neither claim is cognizable against those defendants for that puropse.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant HCSD had legitimate, non-pretextual reasons to fire Plaintiff, including her persistent antagonistic posture towards an employee of a different department within the Humphreys County government and poor performance.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in any unfavorable or adverse employment action as to Plaintiff, and if they did such action did not give rise to an inference of discrimination against Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's failure to show that he had been treated differently from other employees in similar

situations is fatal to his claim of race discrimination pursuant to Title VII, or §1983 and requires dismissal.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Title VII claims are limited to 180-days before the filing of her EEOC charge on September 26, 2025. Thus, any alleged activity occurring before March 20, 2025, may not be the basis for title VII relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken with respect to Plaintiff were not based upon any prohibited factors or upon any unlawful or impermissible reasons, but were taken in good faith and for legitimate reasons and based upon legitimate nondiscriminatory reasons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not engage in any constitutionally protected activity. Even if she did (which is disputed), no causal link exists between any protected activity engaged in by Plaintiff and any unfavorable or adverse employment action against Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant Williams is protected by the doctrine of qualified immunity for the federal claims made and is further protected by qualified immunity for any impending state claims as at all times, Williams was acting within the scope of his employment without malice or bad faith.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to plead any state law claims, and it is improper to plead explicitly unplead claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants specifically assert and invoke all the privileges and defenses available to them

as set forth in Federal R. Civ. P. 12(b)(1)-(7) for which a good faith, legal and/or factual basis exists or may exist. Plaintiff's complaint is vague and unspecified and should be dismissed under F.R.C.P. 12(b)(6). Plaintiff's Complaint fails to state facts against Defendants which would rise to the level of a constitutional deprivation under the laws of the United States or the Constitution of the United States. Plaintiff's Complaint fails to state a claim upon which relief can be granted as to the Defendants by reason of the fact that any duty on the part of the Defendants involved the use of discretion, and at no time did Defendant Williams substantially exceed his authority, nor was any legally cognizable harm to Plaintiff caused by or in the course of such exercise of authority and discretion, and Plaintiff's claims are accordingly barred under the doctrine of public official immunity.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants are protected by and invokes all the immunities granted by judicial, common law, and statutory sovereign immunity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action as to Defendant Williams and HCSD for which relief may be granted including, but not limited to, the defense of qualified immunity and any and all additional immunities available at law as to the individual Defendant herein. Defendant prays for an early determination of this issue in the interest of judicial economy.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Williams is entitled to qualified immunity and public official immunity from Plaintiff's claims. Williams was at all times relevant to these allegations a public employee acting in the course of his duties. Williams did not engage in any conduct which deprived the Plaintiff of any right, privilege or immunity protected by the Constitution or Laws of the United States or the

State of Mississippi. Additionally, said individual's conduct was objectively reasonable in light of clearly established law at the time of his actions in this matter.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Gender Discrimination claim fails as a matter of law. Plaintiff does not allege facts that allow the plausible inference that gender was the *but-for cause* of her eventual termination.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims brought against Defendants are barred by the applicable statute of limitations, *res judicata*, collateral estoppel, laches, waiver, contributory negligence, accord and satisfaction, lack of standing, release, and/or estoppel.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve their right to assert other affirmative defenses as they are discovered or otherwise become available through further investigation and/or discovery.

## II. ANSWER

**AND NOW,** having asserted their Affirmative Defenses to the Complaint filed herein, and without waiving any such defenses, Defendants answer the allegations of Plaintiff's Complaint as follows:

1.  Defendants do not have sufficient information to admit or deny this allegation, as such, it is denied.

2.  Defendants do not have sufficient information to admit or deny this allegation, as such, it is denied.

3.  Defendants do not have sufficient information to admit or deny this allegation, as such, it is denied.

4.  Admitted.

5.  Defendants do not have sufficient information to admit or deny this allegation, as such, it is denied.

6.  Defendants do not have sufficient information to admit or deny this allegation, as such, it is denied.

7.  Admitted.

## II. JURISDICTION

Admitted that as pled, this Court has jurisdiction under 18 U.S.C. § 1331.

## III. VENUE

Admitted.

## IV. SUMMARY OF THE CASE

Defendant's herein deny all allegations of this unnumbered summary.

## V. FACTS

1.  Defendants are without knowledge as to when Plaintiff began working at a non-party police department and deny same.

2.  Defendants are without knowledge as to the fact allegations of this complaint, and deny same.

3.  Plaintiff's are without knowledge as to the factual allegations of this paragraph, and deny same.

4.  Denied.

5.  Defendants are without knowledge as to the factual allegations of this paragraph, and deny same.

6.  Defendants are without knowledge as to when Plaintiff quit her past employment with a non-party police department, and deny same.

7. Defendants are without information as to the length of time that occurred between her resignation at the non-party police department and her hiring with HCSD by Defendant Williams. As to the remainder of the allegations in this paragraph, denied as phrased.

8. Denied as phrased, admitted that Williams was hired on or around December 22, 2022.

9. Denied as phrased. Admitted that then-Sheriff Williams hired then-Deputy Grayson.

10. Denied.

11. Denied as phrased.

12. Denied as phrased. Plaintiff was an at-will employee and was not entitled to any specific procedures.

13. Denied as phrased.

14. Admitted only as to Plaintiff's rehiring on or around March 1, 2024.

15. Denied as phrased.

16. Denied as phrased.

17. Defendants are without knowledge as to Plaintiff's specific internal motivations, and deny the same.

18. Denied as phrased.

19. Denied as phrased. Plaintiff has no property rights or reasonable expectation of privacy to the records of her employer or to her status as a certified employee.

20. Denied as phased.

21. Denied as phrased.

22. Denied as phrased.

23. Denied as phrased.

24. Defendants admit that Plaintiff has attached what appears to be a certification.

25. Admitted that on or around March 17, 2025, Defendant Williams rehired Plaintiff.

26. Defendants are without knowledge and deny same.

27. Admitted.

28. Denied as phrased.

29. Admitted that Plaintiff secured a patrol car.

30. Defendants are without knowledge of the subjective motivations of any person.

31. This allegation goes to the conduct of a party not represented by the present answer. Defendants lack knowledge and effectively deny.

32. Defendants are without knowledge of any subjective feelings Plaintiff possessed at any time, and deny same.

33. Admitted.

34. Denied insofar as it alleges plaintiff is owed any process as an at-will employee.

35. Admitted that Williams took action to preserve Plaintiffs employment.

36. Admitted that Williams fired Grayson after he refused an order to put aside personal and professional animus towards plaintiff.

37. This allegation goes to the conduct of a party not represented by the present answer. Defendants lack knowledge and effectively deny.

38. This allegation goes to the conduct of a party not represented by the present answer. Defendants lack knowledge and effectively deny.

39. Defendants cannot speak to the knwoledge of the Board of Supervisors, and to the extent Grayson's conduct as an employee of a different agency was brought to the

attention of HCSD, HCSD was without authority to take any action against a non-employee.

40. Admitted that Former Sheriff Williams resigned from office.

41. This allegation goes to the conduct of a party not represented by the present answer. Defendants lack knowledge and effectively deny.

42. Denied.

43. Denied.

44. No response is required.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. No response is required.

50. Denied.

51. Denied.

52. Denied.

53. No response is required.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. No response is required.

59. Admitted that Plaintiff has made an accurate statement of the law. To the extent this

paragraph implies or infers liability on the part of either Defendant, it is denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     No response is required.

64.     Denied.

65.     Denied.

66.     Denied

67.     No response is required.

68.     Denied.

69.     Defendants are without knowledge and information as to when Plaintiff completed her notice of claim. Defendants deny that one has been filed.

70.     No response is required.

Defendants deny the allegations in the paragraph of the Complaint entitled **WHEREFORE PREMISES CONSIDERED**".  Defendants further deny that the Plaintiff is entitled to any relief whatsoever.

**AND NOW, HAVING FULLY ANSWERED** and asserted its Affirmative Defenses, the Defendants pray that this Court grant the following relief:

(A)     That this Court dismiss Plaintiff's Complaint with prejudice, based upon each and all of the aforesaid Affirmative Defenses;

(B)     That this Court deny Plaintiff the relief prayed for in Plaintiff's prayer for relief, and that Plaintiff be denied any relief whatsoever; and,

(C)     That this Court award Defendants their attorney fees, costs and expenses associated

with the defense of the instant civil action pursuant to *Fed. R. Civ. Proc.* 11, and 42 U.S.C. §1988.

       **RESPECTFULLY SUBMITTED** this the 31st day of March, 2026.
       **JACKS GRIFFITH LUCIANO, P.A.**

    By: /s/ ***Nicholas McClain***
       Nicholas McClain, MS Bar No. 106991
       Mary McKay Griffith, MS Bar No. 100785
       Daniel J. Griffith, MS Bar No. 8366
       Attorney for Defendants Humphreys County
       Board of Supervisors and Sheriff Bruce
       Williams

Of Counsel:

**JACKS GRIFFITH LUCIANO, P.A.**
150 North Sharpe Avenue
P. O. Box 1209
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: mgriffith@jlpalaw.com
     nick@jlpalaw.com
     Dgriffith@jlpalaw.com

**CERTIFICATE OF SERVICE**

    I, Nicholas McClain, attorney of record for Defendants, Humphreys County Sheriff's Department and Sheriff Bruce Williams, in his official capacity does hereby certify that I have this day caused a true and correct copy of the above and foregoing *Answer and Affirmative Defenses* to be delivered by ECF Filing System which gave notice to the following counsel of record who have entered an appearance herein and by United States Postal Service mail, postage pre-paid, to the following non-ECF participant:

    **DATED** this 31st day of March, 2026

       /s/ ***Nicholas McClain***
       Nicholas McClain