**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**SHIRLEY JOHNSON**                                                                                   **PLAINTIFF**

**v.**                                                                        **Civil Action No. 4:25-cv-205-RPC-JMV**

**HUMPHREYS COUNTY SHERRIF'S
DEPARTMENT, et. al.**                                                                              **DEFENDANTS**

**ORDER**

Plaintiff brings this civil rights action against Defendants Humphreys County Sheriff's Department, Humphreys County, Mississippi, the Humphreys County Board of Supervisors, Sheriff Bruce Williams, Chief Deputy Truron Grayson, and Interim Sheriff Mickey Foxworth. Plaintiff's Amended Complaint alleges that she was fired from her position at the HCSD in violation of her First, Fourth, and Fourteenth Amendment rights, and that she was discriminated against on the basis of her sex and age. Before the Court is the Humphreys County Board of Supervisors' ("HCBOS") Motion to Dismiss. [Doc. 71]. For the reasons set forth below, the Motion is **GRANTED**, and all claims against the HCBOS are **DISMISSED WITH PREJUDICE**.

The capacity of an entity to sue or be sued is "determined by the law of the state in which the district court is held." Fed. R. Civ. P. 17(b); ***Darby v. Pasadena Police Dep't***, 939 F.2d 311, 313 (5th Cir. 1991). Federal Courts in Mississippi, the Mississippi Court of Appeals, and the Fifth Circuit have all recognized that, under Mississippi law, a county board of supervisors is not a separate legal entity capable of being sued. Rather, the county itself is the proper party. *See **Montgomery v. Lowndes Cnty.***, No. 1:24-cv-196-SA-RP, 2025 U.S. Dist. LEXIS 104052, at *5 (N.D. Miss. June 2, 2025); ***Hale v. Bd. of Supervisors of Hinds Cnty.***, No. 3:23-cv-2969-KHJ-MTP, 2024 U.S. Dist. LEXIS 222089 (S.D. Miss. Dec. 9, 2024); ***Bd. of Aldermen of Tutwiler v.***

*State*, 371 So. 3d 190, 192 n.3 (Miss. Ct. App. 2023) (collecting cases); *Hearn v. Bd. of Supervisors of Hinds Cnty.*, 575 F. App'x 239, 243 (5th Cir. 2014).

Plaintiff concedes this point but argues that courts routinely permit plaintiffs to amend their pleadings to correct or substitute misidentified governmental entities. *See* [Doc. 76]. Although that proposition is generally correct, Humphreys County is already a named defendant in this action. *See* [Doc. 22]. Thus, there is no need—or procedural mechanism—to substitute Humphreys County in place of HCBOS when the County is already before the Court. Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against HCBOS, and the Motion to Dismiss shall be granted. Any claims Plaintiff intended to assert against HCBOS will proceed, if at all, against Humphreys County.

Accordingly, Defendant Humphreys County Board of Supervisors Motion to Dismiss [Doc. 71] is hereby **GRANTED**, and all claims against it are **DISMISSED WITH PREJUDICE**.

THIS, the 13th day of July, 2026.

_____
UNITED STATES DISTRICT JUDGE